**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Destiny H. Mills, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2020-000013

———————

Appeal From Lexington County
Brooks P. Goldsmith, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-252
Submitted June 1, 2024 – Filed July 10, 2024

———————

**AFFIRMED**

———————

Tommy A. Thomas, of Irmo, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, for Respondent.

———————

**PER CURIAM:** This is a felony driving under the influence case. Destiny H. Mills (Petitioner) crashed her car into another vehicle. The passenger in that vehicle died. Petitioner pled guilty in November 2017. She later sought post-conviction relief (PCR) for ineffective assistance of counsel. Two of those allegations are presented for our review.

The first PCR allegation before us involves Petitioner's blood test. Following the crash, a blood sample was taken to determine Petitioner's blood alcohol content. Petitioner claims she requested an independent blood test pursuant to her rights under section 56-5-2950 of the South Carolina Code (2018) and alleges she was prevented from obtaining that test due to a law enforcement officer inadvertently destroying her secondary blood sample by dropping it on the hospital floor. Petitioner contends this provided a basis to suppress the results of the blood test and that her plea counsel was ineffective for failing to move for suppression.

Petitioner's second allegation involves a civil deposition. Prior to her plea, Petitioner was subpoenaed to testify in the civil "dram shop" case that the victim's family filed against the businesses that served Petitioner alcohol prior to the crash. Petitioner alleges the public defender representing her at that time was ineffective for failing to advise Petitioner of her right to remain silent at the deposition. Petitioner further asserts she was prejudiced by the State's potential use of the deposition.

As outlined below, the PCR court correctly found Petitioner failed to establish deficiency under either allegation. For that reason, we affirm.

"Our standard of review in PCR cases depends on the specific issue before us. We defer to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them." *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018). "[W]e [also] afford great deference to a PCR court's credibility findings." *Frierson v. State*, 423 S.C. 257, 262, 815 S.E.2d 433, 435 (2018). Appellate courts, however, "review questions of law de novo, with no deference to [the PCR] court[]." *Smalls*, 422 S.C. at 180–81, 810 S.E.2d at 839.

"To establish a claim of ineffective assistance of counsel, the [petitioner] has the burden of proving '(1) counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) counsel's deficient performance prejudiced the [petitioner]'s case.'" *Frierson*, 423 S.C. at 262, 815 S.E.2d at 436 (quoting *McKnight v. State*, 378 S.C. 33, 40, 661 S.E.2d 354, 357 (2008)). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v. Washington*, 466 U.S. 668, 700 (1984). Thus, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

As to deficiency, "the proper standard for attorney performance is that of reasonably effective assistance." *Id.* at 687. "[A] guilty plea cannot be attacked . . . based on inadequate legal advice unless counsel was not 'a reasonably competent attorney'

and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 770, 771 (1970)). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, [he or she] must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. "[T]here is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." *Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011) (citation omitted).

**Petitioner's Blood Test**

We begin by noting our agreement with the PCR court's finding that this allegation pertains only to plea counsel's representation of Petitioner. Petitioner was initially represented by a public defender, but pled only after retaining private counsel. The public defender's testimony at the PCR hearing illustrates that the majority of his time representing Petitioner was spent sorting through numerous bond issues. Petitioner pled guilty about a year after the public defender ended his representation and roughly a week before Petitioner's trial was scheduled to begin.

Petitioner argues plea counsel was "clearly" deficient under prevailing professional norms for "fail[ing] to attempt to have the blood evidence suppressed[,]" thereby "prevent[ing] [Petitioner] from exploring the possibility of winning at trial, thus encouraging [her] to enter a guilty plea." The PCR court found plea counsel was not deficient. We agree.

The record well supports the conclusion that this is not a case where counsel failed to discuss a potential suppression issue with his or her client. As the PCR court found in its order, both Petitioner and plea counsel testified that they discussed the potential of suppressing Petitioner's blood test results. Plea counsel predicted that any suppression motion was unlikely to succeed but explained he would have pursued a suppression motion if Petitioner had not elected to plead guilty. The PCR court found plea counsel's testimony was credible. The testimony establishes that Petitioner was aware of her option to attempt to suppress her blood test results and still chose to plead guilty.

"[W]e afford great deference to a PCR court's credibility findings," *Frierson*, 423 S.C. at 262, 815 S.E.2d at 435, and we cannot say plea counsel's representation here "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687; *see also Edwards*, 392 S.C. at 456, 710 S.E.2d at 64 ("[T]here is a strong presumption that counsel rendered adequate assistance and exercised reasonable

professional judgment in making all significant decisions in the case." (citation omitted)).

**Petitioner's Deposition**

This allegation, like the first allegation, relates only to one of Petitioner's lawyers. Petitioner was represented by a public defender when she sat for the civil deposition. Petitioner argues the public defender was "required" to advise her on "all facets of [her case,]" including "the ways it could expand into other actions." Petitioner asserts the public defender "had a duty to protect her against [any] negative effects" that could result from the civil matter.

At the PCR hearing, the public defender testified that he advised Petitioner to hire a civil attorney when Petitioner made him aware of the civil case because he was only representing Petitioner on her criminal charge. At that time, the public defender framed the decision of whether Petitioner should cooperate in the civil case as a "let's wait and see thing." Petitioner then hired a civil attorney, but the civil attorney did not reach out to the public defender. Petitioner's public defender did not hear any more about the deposition until after it occurred.

The PCR court found the public defender's testimony "more credible than [Petitioner]'s" on this issue. *See Frierson*, 423 S.C. at 262, 815 S.E.2d at 435 ("[W]e afford great deference to a PCR court's credibility findings."). Like the PCR court found, we do not believe the public defender was deficient for failing to advise Petitioner of the applicability of her Fifth Amendment rights under these circumstances. *See Harrington v. Richter*, 562 U.S. 86, 110 (2011) ("*Strickland* does not guarantee perfect representation, only 'a reasonably competent attorney.'" (quoting 466 U.S. at 687)); *Edwards*, 392 S.C. at 456, 710 S.E.2d at 64 ("[T]here is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." (citation omitted)).

For the foregoing reasons, the PCR court's denial of relief is

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.